■ JANYCE DI CANIO, an Infant, by Her Natural Parent EDWIN DI CANIO, Respondent, et al., Plaintiff, v. COUNTY OF NASSAU PUBLIC WATER WORKS et al., Appellants.— In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a notice of claim, the appeal is from so much of an order of the Supreme Court, Nassau County, entered July 1, 1965, as granted the application with respect to the infant claimant. Order reversed insofar as appealed from, on the law, without costs, and application denied as to the infant claimant as well as the adult claimant, on the authority of *Anderson* v. *County of Nassau* (31 A D 2d 761). Beldock, P. J., Christ and Rabin, JJ., concur; Brennan and Kleinfeld, JJ., dissent and vote to affirm the order insofar as appealed from.

■ G.A.C. COMMERCIAL CORPORATION, Respondent, v. LA PARDO BROS. EXCAVATING CONTRACTORS, INC., Appellant.— Appeal by defendant from an order of the Supreme Court, Queens County, dated April 28, 1969, which denied its motion to vacate plaintiff's notice of examination before trial. Order affirmed, with $10 costs and disbursements to plaintiff, including the cost of printing plaintiff's appendix. The examination shall proceed on a date to be mutually agreed upon by the parties, or, failing such agreement, on a date specified in a new written notice of not less than 10 days, to be served by plaintiff, such date to be at least 15 days after entry of the order hereon. In an action to recover chattels, an examination pursuant to CPLR 7112 does not bar a general examination of the defendant pursuant to CPLR 3101 *et seq.* (*Yablon* v. *Yablon*, 13 A D 2d 990). Defendant's continued contesting of plaintiff's right to possession of the chattels and defendant's prosecution of a counterclaim clearly entitle plaintiff to the general examination noticed by it. Similarly meritless is defendant's claim that the complaint is insufficient because plaintiff did not allege the performance by it of conditions precedent contained in a security agreement between the parties. The performance of conditions precedent need not be pleaded (CPLR 3015). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.